CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

DEC 18 2007

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CALVIN E. BUCHANAN, ) | |
| ) | Civil Action No. 7:07-cv-00206 |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner Calvin E. Buchanan brings this 28 U.S.C. § 2255 motion challenging his drug trafficking and firearm convictions and the enhancement of his drug trafficking sentence pursuant to 21 U.S.C. § 851. Buchanan claims that this court did not have jurisdiction to enhance his sentence and that his attorney provided ineffective assistance by not objecting to the enhancement, not moving to suppress certain evidence and not making Buchanan aware of that evidence, not filing his notice of appeal, and advising Buchanan not to testify at trial. The court finds no merit in any of Buchanan's claims and denies his motion.

**I**

Buchanan was one of twenty-six defendants in a thirteen-count federal indictment. On March 10, 2003, the government filed an information in Buchanan's case pursuant to 21 U.S.C. § 851, giving notice that Buchanan was subject to a sentencing enhancement due to a prior drug conviction. After a four-day trial a jury found Buchanan guilty of various charges including conspiracy to distribute and possession with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 846 and possessing a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924 (c)(1). The court sentenced Buchanan to 292 months

on the drug conviction and 60 months consecutive on the firearm conviction and Buchanan appealed. During the pendency of Buchanan's appeal, the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005). The Fourth Circuit vacated Buchanan's sentence in light of Booker and remanded the case for re-sentencing. This court re-sentenced Buchanan to 240 months on the drug charges, the mandatory minimum, and a mandatory consecutive term of 60 months on the firearm charge. Buchanan did not appeal but instead filed his current motion.

## II

Buchanan claims that this court lacked jurisdiction to impose an enhanced sentence under 21 U.S.C. § 851 because the government did not properly notify Buchanan that it would seek the enhancement. The court finds that Buchanan's notice claim is not jurisdictional and that he procedurally defaulted that claim. The court also finds that it is without merit

Section 851 is not jurisdictional and is therefore subject to the usual rules of procedural default. United States v. Beasley, 495 F.3d 142 (4th Cir. 2007). Buchanan neither objected to the § 851 enhancement in his appeal nor did he appeal after re-sentencing. Therefore, Buchanan procedurally defaulted the claim. Furthermore, the government complied with § 851 by filing the notice before trial and serving a copy on the defendant through counsel. U.S. v. Sagaste-Cruz, 187 Fed. Appx. 804, 812 (10th Cir. 2006) (stating "under § 851(a) the government may serve either the defendant or his attorney.")

## III

Buchanan claims he had ineffective assistance of counsel because his attorney failed to challenge the § 851 notice and enhancement. In order to prevail on a claim of ineffective assistance, Buchanan must show both that his counsel acted unreasonably and that the outcome

2

of his case would have been different but for counsel's deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Because the court finds the § 851 enhancement to have been proper, counsel's failure to object neither constituted deficient performance nor prejudiced Buchanan. <u>Strickland</u>, 466 U.S. at 687. Therefore, this claim lacks merit.

## IV

Buchanan claims that his counsel was ineffective in failing to move to suppress an informant's testimony concerning the firearm possession charge. Buchanan claims that if his attorney had moved to suppress the testimony and raised issues of the informant's credibility, that the court would have found the informant unreliable and suppressed his testimony. The court finds Buchanan's premise, that the court would have suppressed the testimony, to be faulty. Credibility determinations are for the jury, and in this case the court would not have suppressed the testimony. Therefore, Buchanan was not prejudiced by counsel's failure to move to suppress the informant's testimony.

## V

Buchanan claims his counsel was ineffective in advising him not to testify. In a criminal trial, an attorney has full discretion to advise on litigation strategy, and the advice was not unreasonable. <u>See</u> Teague, 953 F.2d at 1531.

## VI

Buchanan claims that his attorney's reliance on "open book" discovery rather than requesting specific video evidence constituted ineffective assistance. He specifically claims that he was prejudiced because he refused a plea bargain because he did not know of incriminating video evidence a specific request would have revealed.

3

Buchanan's claims that he would have pled guilty rings hollow in light of the fact that he maintains his innocence and claims his counsel unreasonably advised him not to testify at trial. Under the circumstances, he cannot demonstrate that he was prejudiced – that he would have plead guilty and received a more favorable sentence. Indeed, the court would not have accepted his plea, given his claim of innocence.

## VII

Buchanan claims ineffective assistance of counsel because his attorney failed to file Buchanan's notice of appeal. According to Buchanan, he requested that his attorney file the notice and, when he did not receive a response within a few days, Buchanan filed his notice pro se. This claim fails Strickland's prejudice prong because no prejudice arose from counsel's delay. Strickland, 466 U.S. at 687. Buchanan filed his notice of appeal, counsel perfected his appeal, and the court of appeals vacated his sentence and remanded for re-sentencing. Therefore, the claim lacks merit.

## VIII

For the reasons stated, the court grants the respondent's motion to dismiss.

**ENTER**: This 18th day of December, 2007.

UNITED STATES DISTRICT JUDGE